UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

H.B. FULLER COMPANY,  Case No. 19-CV-2474 (PJS/BRT)

    Plaintiff,

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA,

    Intervenor Plaintiff,

ORDER

v.

TSE INDUSTRIES, INC.; HARTFORD
FIRE INSURANCE COMPANY; and
TWIN CITY FIRE INSURANCE
COMPANY,

    Defendants.

---

Lauren E. Lonergan and Maren M. Forde, TAFT STETTINIUS & HOLLISTER LLP, for plaintiff H.B. Fuller Company.

Reid J. Golden and Brent A. Lorentz, WINTHROP & WEINSTINE, P.A., for intervenor plaintiff National Union Fire Insurance Company of Pittsburgh, Pa.

Brian D. Steffes and Bradley D. Fisher, FISHER BREN & SHERIDAN, LLP, for defendant TSE Industries, Inc.

Robert L. McCollum and Brian J. Kluk, McCOLLUM CROWLEY, P.A., for defendants Hartford Fire Insurance Company and Twin City Fire Insurance Company.

This action arises out of an allegedly defective batch of adhesive manufactured by defendant TSE Industries, Inc. ("TSE") for plaintiff H.B. Fuller Company ("HBF").

HBF sold the adhesive to a recreational-vehicle manufacturer, who used it to laminate vehicle panels.  HBF alleges that the faulty adhesive caused the panels to delaminate.  HBF reached a settlement with the manufacturer that was partially covered by HBF's liability insurer, intervenor plaintiff National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union").

HBF filed this action asserting contractual, warranty, tort, and indemnification claims against TSE and seeking coverage under liability policies issued to TSE by defendants Hartford Fire Insurance Company ("Hartford") and Twin City Fire Insurance Company ("Twin City"), under which policies HBF claims to be an additional insured.  National Union later intervened, asserting similar claims as a subrogee of HBF.

This matter is before the Court on defendants' motions to dismiss portions of HBF's second amended complaint [ECF No. 87] and National Union's complaint [ECF No. 37].  The Court held a hearing on the motions on May 29, 2020.  For the reasons stated on the record at the hearing, the Court grants the motions in part and denies them in part, as set forth more fully below.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. TSE's motion [ECF No. 96] to dismiss Counts I-V, Count VII, and a portion of Count VIII of HBF's second amended complaint is GRANTED IN PART and DENIED IN PART as follows:

    a. The motion is GRANTED as to Count VII (Negligence–Against TSE) insofar as HBF asserts a direct negligence claim on its own behalf. It is DENIED insofar as HBF asserts a negligence claim as an assignee of the recreational-vehicle manufacturer.

    b. The motion is GRANTED as to Count VIII (Intentional, Reckless, and Negligent Misrepresentation Against TSE) insofar as HBF asserts a claim for negligent misrepresentation.

    c. The motion is DENIED in all other respects.

2. TSE's motion [ECF No. 88] to dismiss National Union's complaint is GRANTED IN PART and DENIED IN PART as follows:

    a. The motion is GRANTED as to Count VII (Negligence–Against TSE) insofar National Union asserts a negligence claim directly on behalf of HBF. It is DENIED insofar as National Union asserts a negligence claim on behalf of HBF as an assignee of the recreational-vehicle manufacturer.

    b.    The motion is GRANTED as to Count VII (Negligent Misrepresentation Against TSE).

    c.    The motion is DENIED in all other respects.

3.    Hartford and Twin City's motion [ECF No. 114] to dismiss Counts X and XII of HBF's second amended complaint and Counts IX and X of National Union's complaint is GRANTED IN PART and DENIED IN PART as follows:

    a.    With respect to HBF's second amended complaint, the motion is GRANTED as to Count X (Breach of Contract Against Hartford) and Count XII (Breach of Contract Against Twin City).

    b.    With respect to National Union's complaint, the motion is GRANTED as to Count X (Breach of Contract Against Hartford and Twin City).

    c.    The motion is DENIED in all other respects.

Dated: May 29, 2020                          s/Patrick J. Schiltz
                                              Patrick J. Schiltz
                                              United States District Judge