UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| H.B. Fuller Company, | Civ. No. 19-2474 (PJS/BRT) |
| Plaintiff, | |
| v. | |
| TSE Industries, Inc., Hartford Fire Insurance Company, and Twin City Fire Insurance Company, | **ORDER** |
| Defendants. | |
| and | |
| National Union Fire Insurance Company Of Pittsburgh, Pa, | |
| Intervenor-Plaintiff, | |
| v. | |
| TSE Industries, Inc., Hartford Fire Insurance Company, and Twin City Fire Insurance Company, | |
| Defendants. | |

This matter is before the Court on Hartford Fire and Insurance Company and Twin City Fire Insurance Company's Motion to Stay All Coverage Claims.[1] (Doc. No. 147, Mot. to Stay.) TSE Industries, Inc. ("TSE") has joined that Motion. (Doc. No. 161.) Plaintiff H.B. Fuller opposes the Motion. (Doc. No. 162.) Intervenor-Plaintiff, National Union Fire Insurance Company, joins in H.B. Fuller's opposition. (Doc. No. 167.)

---

[1] In the interest of brevity, the Court shall refer to the two movants as "Hartford" throughout this Order.

H.B. Fuller filed this action asserting contractual, warranty, tort, and indemnification claims against TSE and seeking coverage under liability policies issued to TSE by Defendants Hartford Fire Insurance Company ("Hartford") and Twin City Fire Insurance Company ("Twin City Fire"), under which policies H.B. Fuller claims to be an additional insured. (Doc. No. 87, Second Am. Compl.) National Union later intervened, asserting similar claims as a subrogee of H.B. Fuller. (Doc. No. 37.) In the motion presently before the Court, Hartford seeks to bifurcate and stay Count IX (Declaratory Judgment Against Hartford), Count X (Breach of Contract Against Hartford), Count XI (Declaratory Judgment Against Twin City Fire), and Count XII (Breach of Contract Against Twin City Fire) as set forth in H.B. Fuller's Second Amended Complaint, and Count IX (Declaratory Judgment Against Hartford and Twin City Fire) and Count X (Breach of Contract Against Hartford and Twin City Fire) as set forth in National Union's Intervenor Complaint. (Mot. to Stay 1–2.)

In pursuing its Motion, Hartford relies on Federal Rules of Civil Procedure 21 and 42(b). (*Id.* at 2.) Rule 21 concerns the misjoinder and nonjoinder of parties, and states "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. Besides a reference to Rule 21, however, Hartford provides no argument as to why that rule is applicable here. (*See* Doc. No. 150, Mem. in Support 5.) The Court therefore turns to Hartford's argument for bifurcation pursuant to Rule 42 and for a stay.

2

The Federal Rules of Civil Procedure provide that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42(b). The party seeking bifurcation has a "heavy burden" to demonstrate that bifurcation would meet the objectives of the Rule. *See Campanella v. N. Properties Grp., LLC*, No. 19-CV-171 (JNE/LIB), 2019 WL 8402451, at *4 (D. Minn. Dec. 19, 2019). When evaluating a motion for bifurcation, the Court, in exercising its broad discretion, weighs factors such as "the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results and possibilities of confusion." *Id.* (quoting *O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1202 (8th Cir. 1990)). "Separate trials are an extreme remedy, however, as piecemeal litigation 'is not to be the usual course.'" *Sobolik v. Briggs & Stratton Power Prod. Grp., LLC*, No. 9-cv-1785 (JRT/LIB), 2011 WL 5374440, at *1 (D. Minn. Nov. 7, 2011) (quoting 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2388 (3d ed. 2014)).

"In considering whether to stay proceedings, the Court considers relevant factors, including conservation of judicial resources, maintaining control of the court's docket, providing for the just determination of cases, as well as the potential for duplicative efforts and wasted resources of the parties and hardship to the party opposing the stay." *Tovar v. Essentia Health*, 342 F. Supp. 3d 947, 956–57 (D. Minn. 2018) (citations omitted). "The party requesting a stay bears the burden of establishing the need for a stay." *Id.*

Hartford argues that bifurcation and a stay is necessary because TSE must first be found "liable" in a separate trial before H.B. Fuller can pursue its coverage claims against Hartford and Twin City Fire.[2] This Court, however, is not persuaded that a separate trial to establish liability is necessary before the claims at issue can be pursued, and whether bifurcation is necessary can be determined at the dispositive motion phase or thereafter. Hartford relies on *Engineering & Const. Innovations, Inc. v. L.H. Bolduc Co., Inc.*, 825 N.W. 2d 695 (Minn. 2013), but that case is inapplicable because, as Hartford concedes, the parties in *Bolduc* "agreed to try liability first." (Mem. in Support 9.)

Moreover, bifurcation and the stay of claims as proposed by Hartford would not serve the purposes of convenience or judicial economy. Rather, a stay of those claims would result in the opposite. The parties' deadline to compete discovery is November 13, 2020. The facts underlying the claims at issue overlap, and Hartford's concerns about potential fact discovery disputes do not establish good cause to stay discovery. The Court stands ready to efficiently resolve any dispute prior to the close of discovery and the filing of dispositive motions.[3] The Court concludes, based on the record, that at this stage it will be more efficient to continue the litigation, including discovery, on all claims.

Finally, Hartford has also not shown it will be prejudiced as a result of the Court's denial of the present motion, and "[f]ailure to show prejudice alone warrants denial of a

---

[2] At the hearing on its Motion to Bifurcate and Stay, Hartford acknowledged comments made by the District Court in a separate hearing that appeared to cast doubt on this argument; however, Hartford took the position that the issue being discussed was not before the Court. (See Doc. No. 164, 5/29/2020 Hr'g Tr. 23–26.)

[3] The Court notes that, to date, no party has invoked the procedures set forth in the Scheduling Order to bring fact discovery disputes to the Court's attention.

motion for bifurcation." *Athey v. Farmers Ins. Exch.*, 234 F.3d 357, 362 (8th Cir. 2000) (affirming district court's refusal to bifurcate claims because insurer had failed to show prejudice). Hartford's participation in pretrial discovery does not raise a potential conflict of interest as contemplated by *U.S. Fidelity and Guaranty Co. v. Louis A. Roser Co., Inc.*, 585 F.2d 932, 937–39 (8th Cir. 1978), and *Truchinski v. Cashman*, 257 N.W.2d 286, 288 (Minn. 1977). In *U.S. Fidelity*, the Eighth Circuit held that an attorney may not represent both insurer and insured in a liability action that might affect coverage. 585 F.2d at 938–39. That is not the case here, where TSE and Hartford are already represented by separate counsel. And in *Truchinski*, the Minnesota Supreme Court observed in dicta that an *insurer* may be precluded from seeking to litigate both coverage and liability because as both plaintiff and indemnitor, it would face potential conflicts of interest. 257 N.W.2d at 288. Again, that scenario has not developed in the present litigation.

In sum, Hartford has not met its heavy burden of demonstrating that bifurcation of the claims at issue at this pretrial stage would meet the objectives of the Federal Rules of Civil Procedure. If it later appears that the claims should not be presented together at trial, the Court can bifurcate the trial as necessary at that time.

Accordingly, **IT IS HEREBY ORDERED** that the Motion to Stay (Doc. Nos. 147, 161) is **DENIED**.

Dated: July 9, 2020

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge